NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 8 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LINDA MARICELA RAMOS-
ALARCON; NATHALY JIMENA
COJOLON-RAMOS,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-1552

Agency Nos.    A216-442-213
                        A216-442-208

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 15, 2024[**]
San Francisco, California

Before:  S.R. THOMAS and MILLER, Circuit Judges, and ROSENTHAL,[***]
District Judge.

Linda Maricela Ramos-Alarcon and her minor daughter NJCR, natives and

citizens of Guatemala, petition for review of the decision by the Board of

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]      The Honorable Lee H. Rosenthal, United States District Judge for the
Southern District of Texas, sitting by designation.

Immigration Appeals ("BIA") dismissing their appeal from the orders of an Immigration Judge ("IJ"). The IJ denied Ramos-Alarcon's and NJCR's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petitions for review.

Between October and November 2017, while Ramos-Alarcon and her daughter were living in Guatemala, Ramos-Alarcon received three threatening notes from the Mara Salvatrucha gang ("MS-13"). The notes stated that she must pay a certain amount of money to MS-13 or she and her daughter would be killed. Ramos-Alarcon reported the second and third notes, which she received roughly two weeks apart, to the police. Ramos-Alarcon and NJCR fled Guatemala two days after receiving the third note and entered the United States on December 15, 2017.

Ramos-Alarcon and NJCR each filed applications for asylum. Ramos-Alarcon's application included NJCR as a derivative beneficiary. Ramos-Alarcon stated that her particular social group ("PSG") was "women living alone in Guatemala with children" or "women who are small business owners in Guatemala." NJCR stated that her PSG was "family member of Linda Maricela Ramos-Alarcon." Ramos-Alarcon submitted country conditions evidence, which she argued showed corruption and inadequate investigations of crimes by the Guatemalan police, making prosecution difficult and leading to widespread impunity for gangs.

After a hearing, the IJ found that Ramos-Alarcon did not show that the Guatemalan government was unable or unwilling to protect her and NJCR from MS-13 members. The IJ denied both asylum and withholding of removal. The IJ found no evidence in the record that Ramos-Alarcon had been or would be tortured and denied the CAT claim.

The BIA affirmed the IJ's decision denying asylum and withholding of removal and dismissed Ramos-Alarcon's appeal. The BIA held that Ramos-Alarcon and NJCR failed to meaningfully challenge the denial of their CAT protection claims and had waived those claims as a result. Although the IJ had not separately addressed NJCR's claims, the BIA held that because Ramos-Alarcon's and NCJR's claims were based on the "same set of operative facts," remanding NJCR's claims for individual adjudication would be futile.

"We review the denial of asylum, withholding of removal, and CAT claims for substantial evidence." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). Under that standard, we must uphold the agency's findings "unless any reasonable adjudicator would be compelled to conclude to the contrary." *Garland v. Ming Dai*, 593 U.S. 357, 365 (2021) (quoting 8 U.S.C. § 1252(b)(4)(B)). "Where, as here, the BIA agrees with the IJ decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez*, 918 F.3d. at 1027–28.

3

Ramon-Alarcon and NJCR assert that the record compels the conclusion that the Guatemalan government is unable or unwilling to protect them from MS-13 gang members. The BIA did not err in rejecting this claim. Substantial evidence supports the IJ's finding that Ramos-Alarcon and NJCR left Guatemala so soon after Ramos-Alarcon reported the threatening notes that the police could not effectively respond. The police took Ramos-Alarcon's reports about the threats and did not ask her for a bribe or refuse to investigate. The country conditions evidence supported the finding that the police in Guatemala took crimes against women seriously and had developed mechanisms for more effective investigation and prosecution. At most, the evidence presented shows that the IJ *could* have reached a different conclusion, not that the record *compels* a contrary conclusion.

The BIA did not err in concluding that Ramos-Alarcon failed to preserve her claim to relief under CAT. The BIA "has the authority to prescribe procedural rules that govern the proceedings before it, and procedural default rules are consistent with this authority." *Honcharov v. Barr*, 924 F.3d 1293, 1296 (9th Cir. 2019) (per curiam). Although Ramos-Alarcon likely forfeited, rather than waived, her CAT claim, both require at least a threshold determination of whether the claim has been abandoned— intentionally or otherwise. *See Hamer v. Neighborhood Hous. Servs. of Chicago*, 583 U.S. 17, 20 n.1 (2017). This court has not determined the correct standard of review to apply to the BIA's forfeiture determination. *See Honcharov*, 924 F.3d at

4

1297. We need not resolve this issue here because even reviewed de novo, the BIA correctly found that Ramos-Alarcon failed to challenge the IJ's CAT relief finding, and as such, forfeited the claim. Given that Ramos-Alarcon did not cite any legal authority or evidence in the record to support her CAT claim, the BIA correctly determined that Ramos-Alarcon forfeited the claim. "Arguments made in passing and not supported by citations to the record or to case authority are generally deemed waived." *United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010); *see also Mendoza Rizo v. Lynch*, 810 F.3d 688, 692 (9th Cir. 2016) (holding that the petitioner's conclusory statement in the brief to the BIA that the IJ erred, without stating the basis, did not meaningfully challenge the IJ's decision).

The BIA did not err or violate NJCR's due process rights by failing to remand because the IJ did not separately analyze NJCR's asylum application. The BIA correctly concluded that remand would be futile. Ramos-Alarcon's and NJCR's claims are based on a common set of facts. The PSG that NJCR claimed was derivative of Ramos-Alarcon's PSG, and the success of NJCR's claims depended on whether Ramos-Alarcon succeeded in the claims she asserted. Even if the IJ's failure to separately adjudicate NJCR's application were error, NJCR shows no prejudice, because her claims would have been denied on the same basis as Ramos-Alarcon's claims. *Cf. Circu v. Gonzales*, 450 F.3d 990, 994 & n.3 (9th Cir. 2006).

**PETITION DENIED.**